NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

————————————————————————
                                                    :
IN RE PAULSBORO                                     :
DERAILMENT CASES                                    :        Master Docket No. 13-784 (RBK/KMW)
                                                    :        (Doc. No. 325)
                                                    :
                                                    :
                                                    :
                                                    :
                                                    :
                                                    :
————————————————————————  :
                                                    :
TONYA KIDD, et al.                                  :
                                                    :
                      Plaintiffs                    :        Civil No. 13-208 (RBK/KMW)
                                                    :        (Doc. No. 87)
            v.                                      :
                                                    :        **OPINION**
CONSOLIDATED RAIL                                   :
CORPORATION, et al.                                 :
                                                    :
                     Defendants.                    :
————————————————————————  :

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Tonya Kidd, et al. ("Plaintiffs") to

remand this case to the Superior Court of New Jersey, Gloucester County.  Consolidated Rail

Corporation, Norfolk Southern Railway Company, and CSX Transportation (collectively

"Defendants") argue that the case was properly removed pursuant to this Court's diversity

jurisdiction under 28 U.S.C. § 1332, and that jurisdiction continues to exist over this case.

Because the Court finds that it has jurisdiction over this matter, Plaintiffs' motion to remand will

be **DENIED**.

I.        BACKGROUND AND PROCEDURAL HISTORY

The factual background giving rise to this case was set forth in the Court's Opinion of

December 31, 2013 as follows:

> On the morning of November 30, 2012, a freight train derailed and plunged into the Mantua Creek in Paulsboro, New Jersey when the Paulsboro Bridge, a railroad bridge spanning the creek, buckled and collapsed. Several cars became partially submerged in the creek. Am. Compl. ¶¶ 109, 120. At least one of the derailed railcars released its cargo of vinyl chloride into the air and water. Id. ¶ 121. As a result, the Borough of Paulsboro declared a state of emergency and shortly thereafter, residents of the area, including some plaintiffs in this matter, were directed to evacuate or shelter in place. Id. ¶ 132.
>
> Plaintiffs allege that Defendants acted negligently and recklessly in their operation of the freight train and maintenance of the bridge. They further allege that the train proceeded across the bridge against a red signal, which indicated that the bridge, which could swing open to allow water traffic, was not ready to safely accommodate rail traffic. Id. ¶¶ 111-12. Plaintiffs also assert that shortly before the derailment, Defendants had been notified of deficient conditions relating to the operation of the bridge, but failed to correct the problems. Id. ¶ 117. Many plaintiffs allege that they have suffered from coughing fits and other physical symptoms as a result of exposure to the chemicals that spilled from the railcar. Id. ¶¶ 129-30, 134. They also allege that they are at a greater risk of future illnesses, including cancer, and have sustained a diminution in the value of their properties and other economic losses as a result of Defendants' conduct. Id. ¶¶ 135-38.

Kidd v. Consol. Rail. Corp., Civ. No. 13-208, 2013 WL 6903958, at *1 (D.N.J. Dec. 31, 2013)

(ECF Doc. No. 84).

Plaintiffs brought this case against Defendants in the Superior Court of New Jersey,

Gloucester County, on January 7, 2013.  The defendants named in the Superior Court complaint

were Conrail, which is incorporated in Pennsylvania and also maintains its principal place of

business in Pennsylvania, Norfolk Southern Railway Company, which is incorporated in

Virginia and maintains its principal place of business in Virginia, and CSX Transportation, a

corporation with its principal place of business in Florida.[1]  See Am. Notice of Removal Ex. A

---

[1] Although the initial complaint did not allege the state of incorporation of CSX, it evidently is incorporated in Virginia.  See Am. Notice of Removal ¶ 11.

¶¶ 54-56 (ECF Doc. No. 47).[2]  On January 11, 2013, Defendants removed the complaint to this

Court, asserting that diversity jurisdiction existed pursuant to 28 U.S.C. § 1332(a).  On February

27, 2013, Plaintiffs filed their Amended Complaint, which included a number of new plaintiffs

who were not named as parties in the initial complaint.  The Amended Complaint did not allege

the citizenship of any of the parties.  It contained counts for negligence, gross negligence, strict

liability, negligent supervision, trespass, assault and battery, and public and private nuisance,

asserting that Plaintiffs sustained both bodily injury and property damage losses.  On March 1,

2013, Defendants filed a partial motion to dismiss, and pursuant to an Opinion and Order dated

October 4, 2013, this Court dismissed the counts in the Amended Complaint asserting strict

liability, trespass, assault and battery, and public nuisance claims.  See ECF Doc. No. 54.

On October 11, 2013, Plaintiffs filed a motion to remand, arguing that Conrail is a citizen

of New Jersey, and for that reason, complete diversity did not exist between the parties.

Pursuant to an Order and Opinion dated December 31, 2013, this Court denied Plaintiffs'

motion, finding that Conrail is not a citizen of New Jersey for the purposes of diversity

jurisdiction.  See ECF Doc. No. 84.  Now, Plaintiffs move again to remand, arguing that Kristen

Santaromita, a plaintiff who was added to this suit when the Amended Complaint was filed, is a

citizen of Virginia.  They argue that because two of the defendants are also Virginia citizens,

complete diversity does not exist, and as a result this Court cannot exercise jurisdiction over the

case.

## II.    DISCUSSION

### A.  Standard for Removal

---

[2] Unless otherwise indicated, references to the ECF docket numbers in this Opinion refer to Civil Docket Number 13-208, and not to the master docket that has been established for all of the Paulsboro Derailment cases.

Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. To defeat a plaintiff's motion to remand, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). Where the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court. See Abels, 770 F.2d at 29 ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."); Glenmede Trust Co. v. Dow Chem. Co., 384 F. Supp. 423, 433-34 (E.D. Pa. 1974) ("It is well settled that district courts should remand close or doubtful cases for two reasons. First, remand will avoid the possibility of a later determination that the district court lacked jurisdiction and, secondly, remand is normally to a state court which clearly has jurisdiction to decide the case.").

**B. Subject Matter Jurisdiction**

The sole argument Plaintiffs advance for remand is Santaromita's status as a Virginia citizen. Santaromita's Virginia citizenship does not destroy jurisdiction, as she was not a party when the case was filed or when it was removed. In determining whether a federal court may exercise jurisdiction based upon diversity of citizenship, the court must look to "the state of things at the time of the action brought." Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570 (2004) (quoting Mollan v. Torrance, 22 U.S. 537, 539 (1824)). As the United States Supreme Court has explained,

This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure. It measures all challenges

4

to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal.

Id. at 570-71.  In a case that is removed from state court, complete diversity must exist at both the time of commencement of the action and the time of removal.  CBS Inc. v. Snyder, 762 F. Supp. 71, 73 (S.D.N.Y. 1991) (citing Stevens v Nichols, 130 U.S. 230, 231 (1889)); Haslund v. Simon Prop. Grp., 239 F. Supp. 2d 818, 820 (N.D. Ill. 2003).

Plaintiffs do not dispute that diversity existed at the time the action was filed in state court, and at the time when Defendants filed their initial notice of removal.  When a non-diverse, dispensable party is added subsequent to removal, federal jurisdiction continues to exist.  See Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991) (holding that "[d]iversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action").  Plaintiffs set forth two primary arguments as to why they believe jurisdiction no longer exists.  First, they argue that Santaromita is an essential, or indispensable party.  Second, they assert that because the Court directed Defendants to amend their Notice of Removal to correct a technical deficiency, the Court should use the date of filing of the Amended Notice of Removal as the date of removal of this action, and not the date of the initial removal filing.  The Court addresses these contentions in turn.

1.  Santaromita's Indispensable Party Status

Plaintiffs first argue that an exception to the time-of-filing rule applies, because Santaromita is an indispensable party to this action.[3]  Indeed, when a party's presence is

---

[3] The argument that Ms. Santaromita is indispensable was first raised by Plaintiffs in their reply brief.  Ordinarily, the Court would not entertain an argument first raised on reply.  See Stern v. Halligan, 158 F.3d 729, 731 n.3 (3d Cir. 1998) ("A party cannot raise issues for the first time in a reply brief"); D'alessandro v. Bugler Tobacco Co., Civ. No. 05-5051, 2007 WL 130798 (D.N.J. Jan. 12, 2007) (stating that a moving party may not raise new issues in a reply brief because "[n]o sur-reply is permitted, so the opponent has no opportunity to address the new defense").  However, because the issue is jurisdictional in nature, and because here, the parties were granted leave to file sur-replies on this issue, the Court addresses Plaintiffs' arguments.

indispensable, an exception exists to the general rule that the later addition of a nondiverse party does not destroy jurisdiction.  See Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010-11 (3d Cir. 1987) ("when a nondiverse party is added to a federal proceeding and that party's presence is indispensable to the furnishing of complete relief, remand is mandated").

Indispensability is governed by Federal Rule of Civil Procedure 19.[4]  A court must first determine whether a party is a "required party" (or a "necessary party" prior to the 2007 stylistic changes to Rule 19)[5] under Rule 19(a).  Koppers Co. v. Aetna Cas. & Sur. Co., 158 F.3d 170, 175 (3d Cir. 1998).  If a party is found to be a "required party," then the Court must then move on to analyze under Rule 19(b) whether the party is indispensable.[6]  Id. at 175-76.  But if a party is not a required party, that party cannot be indispensable.  Id. at 176.

The test for whether a party is "required" requires the court to determine "if either (1) the present parties will be denied complete relief in the absence of the party to be joined, or (2) the absent party will suffer some loss or be put at risk of suffering such a loss if not joined."  Id. at 175.  Santaromita does not meet either test.  It is clear that none of the other parties will be denied complete relief if Santaromita is not part of this action.  Evidently, she owns real property in Paulsboro and resides in Virginia.  Am. Compl. ¶ 98; Lieberman Decl. Ex. B.  She was physically located in Virginia during the time period when the chemical spill occurred and over the following days.  Def.'s Opp'n Ex. B.  Her role in this lawsuit is as one of many plaintiffs who

---

[4] In actuality, Plaintiffs did not address the Rule 19 factors until their sur-sur-reply brief.  In their reply brief, they argued that Santaromita was indispensable because she was a real party in interest with cognizable claims.  See Pl.'s Reply at 6-8.  Perhaps realizing that whether Santaromita is a real party in interest is not relevant to whether she is a required or indispensable party, Wells Fargo Bank, N.A., 905 F. Supp. 2d 604, 613 (D.N.J. 2012), Plaintiffs finally applied the Rule 19 factors in their sur-sur-reply brief.  The Court addresses the Rule 19 analysis as both parties briefed this issue.
[5] See Republic of the Philippines v. Pimentel, 553 U.S. 851, 855 (2008).
[6] Although the word "indispensable" is no longer included in Rule 19(b) subsequent to the 2007 stylistic changes to the Rules, "the new Rule 19 has the same design."  Pimentel, 553 U.S. at 863.  This Opinion uses the word "indispensable," as the parties' briefs and much of the relevant case law refers to the applicable doctrine using this word.

allege either bodily injury or property damage as a result of the chemical spill.  There is no reason why the other parties could not be afforded complete relief in Santaromita's absence.  She similarly does not satisfy the second test, which requires Plaintiffs to show that she would suffer a loss or be put at risk of suffering a loss if she were not joined to this suit.  This applies where "some outcome of the federal case that is reasonably likely can preclude the absent party with respect to an issue material to the absent party's rights or duties under standard principles governing the effect of prior judgments."  Angst v. Royal Maccabees Life Ins. Co., 77 F.3d 701, 705 (3d Cir. 1996) (internal citations omitted).  Clearly, Santaromita could pursue her claims in state court, and her rights would not be precluded by any outcome in this case.  Plaintiffs do not explain why Santaromita is any more "necessary" to this action than all of the other plaintiffs in the other cases filed in this district, or those filed in state court related to the same derailment.[7] If Santaromita's presence was required, then all of the plaintiffs in all of the other separate actions would be necessary parties here, which obviously is not the case.  As a leading treatise on federal civil procedure explains, "[w]hen several tort actions instituted by different persons arise out of the same incident, the complaining parties need not be joined in the suits brought by the others."  Wright, Miller & Kane, Federal Practice and Procedure § 1623 (3d ed. 2009).

Plaintiffs' vague references to Santaromita's claims being "inextricably linked" to those of her family members who are also parties in this action do not cause her to be a required party. See Pl.'s Sur-Sur-Reply at 5-6.  First, no other party is listed in the Amended Complaint as a co-owner of Santaromita's property.  See Sec. Am. Compl. ¶¶ 97-100.  Although three other plaintiffs who evidently reside at the property Santaromita owns have asserted claims, Plaintiffs

---

[7] On February 8, 2013, this Court entered an Order consolidating eight civil actions related to this derailment for the purpose of discovery and case management.  See Civil Docket 13-784, ECF Doc. No. 1.  Since that time, additional actions have been added to the master docket.

have not explained why any of them would be denied complete relief if Santaromita is not joined, or why Santaromita cannot be afforded complete relief in her role as an affected property owner if she is not joined in this case.  Because Plaintiff does not allege that any of Santaromita's relatives own real property, there is no "inextricable link" between their claims (which would apparently be limited to bodily injury claims) and Santaromita's (which would apparently be limited to claims connected with her property ownership) evident from the record. Even closely aligned tort plaintiffs are generally not indispensable to each other's claims.  See, e.g., Harris v. Illinois-California Express, Inc., 687 F.2d 1362, 1366-67 (10th Cir. 1982) (intervening plaintiff was not indispensable, although she suffered an injury in the same vehicle collision as the plaintiff); Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir. 1998) (holding that a rape victim, who had filed a state-court suit against the owner of the property where the attack occurred, was not a necessary party to a federal action by her father for emotional injuries against the same defendants related to the same event, even though the two plaintiffs might meet with inconsistent results in the separate actions).

Plaintiffs' assertion that Santaromita's claims are linked to those of her family members also fails for another reason.  Rule 19(a)(1) indicates that a party is required when the "present parties will be denied complete relief in the absence of the party to be joined." Koppers Co., 158 F.3d at 175 (emphasis added).  Thus, the test is applied to parties who are already "present" in the suit at the point in time when the allegedly required party is "to be joined."  Plaintiffs thus cannot contend that Santaromita's claims are "inextricably linked" to those of her family members, because her family members were not "present parties" at the time Plaintiffs sought to join Santaromita to this action.  Although Plaintiffs do not explain which parties are related to Santaromita, the Court observes that in the original complaint, there were no plaintiffs with the

8

surname Santaromita, nor were there any parties alleged to reside at the address of the property

that Santaromita owns, which is 581 Mantua Avenue, Paulsboro, New Jersey.  <u>See</u> Am. Compl. ¶

98.  However, in the Amended Complaint, Plaintiffs sought to join Anna Santaromita and John

Santaromita, who both reside at the 581 Mantua Avenue address, and a Patricia Friedman, who is

alleged to reside at that address also.  Am. Compl. ¶¶ 97-100.  Plaintiffs cannot join Santaromita

and her relatives pursuant to an amended pleading, and then claim that Santaromita is necessary

to the claims of these other newly joined parties.  Because Santaromita was not a required party

to this action under Rule 19(a), she is not an indispensable party.

Finally, the Court observes that a number of cases cited by Plaintiffs as part of their

remand argument involve the application of 28 U.S.C. § 1447(e), which relates to the joinder of

additional <u>defendants</u> to an action, whose presence destroys complete diversity.  <u>See, e.g.</u>, <u>City of</u>

<u>Perth Amboy v. Safeco Ins. Co. of Am.</u>, 539 F. Supp. 2d 742 (D.N.J. 2008); <u>Stransky v.</u>

<u>American Isuzu Motors, Inc.</u>, 829 F. Supp. 788 (E.D. Pa. 1993); <u>Bayonne Med Realty, LLC v.</u>

<u>Citizens Ins. Co. of Am.</u>, Civ. No. 08-1004, 2008 WL 2945970 (D.N.J. July 30, 2008);

<u>McKenzie v. Howmet Casting & Servs., Inc.</u>, Civ. No. 06-2803, 2006 WL 3246579 (D.N.J. Nov.

6, 2006).  Because the instant motion involves the joinder of additional <u>plaintiffs</u>, and not

additional <u>defendants</u>, 28 U.S.C. § 1447(e) is not applicable.

    2.  Time of Commencement and Removal

Plaintiff next argues that the dates of commencement and removal—which are the times

at which complete diversity must exist—are actually subsequent to the time when Plaintiffs filed

their Amended Complaint adding Santaromita's claims.  Plaintiffs argue that the suit

"commenced" when Defendants filed their responsive pleadings to the Amended Complaint.

Pl.'s Sur-Sur-Reply at 1.  They also argue that the time of removal was May 2, 2013, and not

January 11, 2013, and that complete diversity did not exist on May 2, 2013.  Pl.'s Reply at 12-13.

The Court initially observes that Plaintiffs have cited no law to support their assertion that the

suit "commenced" when Defendants filed their responsive pleadings to the Amended Complaint.

The plain meaning of commencement is the time when this action was filed by Plaintiffs in state

court.  See, e.g., Kerstetter v. Ohio Cas. Ins. Co., 496 F. Supp. 1305, 1307 (E.D. Pa. 1980);

Wright, Miller & Kane § 3723.  The Court thus sees no need to discuss in further detail the

meritless notion that a suit commences when a responsive pleading is filed.

 As for the date of removal, pursuant to an Order of this Court dated April 25, 2013,

Defendants were required to file an Amended Notice of Removal, because their original notice

did not properly allege the citizenship of the parties.  See ECF Doc. No. 46.  Defendants

complied with this Order by filing their Amended Notice of Removal on May 2, 2013.  See ECF

Doc. No. 47.  The purpose of requiring Defendants to amend the Notice of Removal was to cure

technical deficiencies as to jurisdiction in the original notice.  It is well-established that a court

may grant parties leave to cure such inadequate jurisdictional allegations in a notice of removal.

See Zhao v. Skinner Engine Co., Civ. No. 11-7514, 2012 WL 1758145, at *3 (E.D. Pa. May 16,

2012); Monica v. Accurate Lift Truck, Civ. No. 10-730, 2010 WL 1631242, at *2 (E.D. Pa. Apr.

20, 2010).  Such an amendment to a notice of removal cures the initial notice, and thus relates

back to the original filing.  See Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 301 (10th

Cir. 1968); Ill. Psychiatric Hosp. Co. v. Cook, Civ. No. 92-6373, 1992 WL 368053, at *4 (N.D.

Ill. Dec. 1, 1992); Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Bottling Grp. LLC, Civ. No. 07-

2315, 2007 WL 2954038, at *3 (D. Kan. Oct. 10. 2007).

 The law cited by Plaintiffs seeking to establish that the Notice of Removal does not relate

back is inapposite.  Where a party seeks to amend a notice of removal to establish a new ground

for jurisdiction, the amended notice will not relate back.  Hawaii v. Abbott Labs., Inc., 469 F.

Supp. 2d 835, 839 (D. Haw. 2006).  Here, Defendants made no substantive changes in their

Amended Notice of Removal.  Further, in the district court opinion adopting the Magistrate's

findings in Hawaii v. Abbott Labs., the court distinguished that case from instances where a

jurisdictional defect was merely corrected.  See Hawaii v. Abbott Labs., 469 F. Supp. 2d 842,

847, n.1 (D. Haw. 2006) ("the notices of removal [in cases where amended notices of removal

related back] were considered 'pleadings' under Rule 15, but only because defects in the notices

were present").

Further, Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co., 5 F.3d 963 (6th Cir.

1993), which is relied upon by Plaintiffs, actually supports relation back.  There, the Sixth

Circuit upheld a district court's grant of leave to amend a notice of removal because "diversity

jurisdiction was alleged in the original petition [for removal], [and] diversity in fact existed at the

time of the original petition . . . ."  Id. at 969.  The same is true here.  Further, the Tech Hills

court quoted with approval another Sixth Circuit case indicating that "the court holds that a

petition for removal may be amended under the same considerations governing the amendment

of any other pleading containing jurisdictional allegations."  Id. (quoting Gafford v. General

Elec. Co., 997 F.2d 150, 164 (6th Cir. 1993)).  A pleading that is amended to perfect subject

matter jurisdiction without question relates back to the original filing.  See Berkshire Fashions,

Inc. v. M.V. Hakusan II, 954 F.2d 874, 887 (3d Cir. 1992) (citing Fed. R. Civ. P. 15).  There is

no dispute here that at the time the initial notice of removal was filed, complete diversity existed,

as in Tech Hills.  Because the Amended Notice of Removal relates back to the original notice,

the Court looks to the time the initial notice was filed and the time the original state court

complaint was filed to determine whether complete diversity existed.[8]  These dates are January 7, 2013, and January 11, 2013, respectively.  There is no dispute that complete diversity existed at both of these points in time, as both are prior to the date Santaromita was joined in this action.

       3.  Allegations of Citizenship in Amended Complaint

Because the Amended Complaint fails to allege the citizenship of any of the parties in this matter, the Court will also order Plaintiffs to file a Second Amended Complaint within fourteen days, which shall include allegations as to the citizenship of all parties found in the Amended Complaint.  See Evanston Hosp. Corp. v. Astra Pharm. Prods., Civ. No. 90-3610, 1991 WL 148134, at * 1 n.2 (N.D. Ill. July 25, 1991).

**III.**    **CONCLUSION**

For the reasons stated herein, Plaintiffs' motion to remand will be **DENIED**.  An appropriate order shall issue.

Dated:  03/24/2014                             /s/ Robert B. Kugler
                                              ROBERT B. KUGLER
                                            United States District Judge

---

[8] Because the Amended Notice of Removal related back to the earlier notice, Defendants properly only alleged the citizenship of the parties named in the original complaint, and were not required to allege Santaromita's citizenship and the citizenship of the other parties added pursuant to the Amended Complaint, as Plaintiffs argue. See Pl.'s Sur-Sur-Reply at 1-2.